**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Wynona Mixon,<br><br>                 Plaintiff,<br><br>v.<br><br>United States Bureau of Prisons,<br><br>                 Defendant. | No. CV-16-00260-TUC-DCB (BGM)<br><br>**REPORT AND RECOMMENDATION** |

       Currently pending before the Court is the Government's Motion to Dismiss Complaint (Doc. 12). Plaintiff filed his opposition (Doc. 13), and the Government replied (Doc. 16). As such, the motion is fully briefed and ripe for adjudication.

       Pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure, this matter was referred to Magistrate Judge Macdonald for Report and Recommendation. On December 5, 2016, oral argument was held before the Honorable Bruce G. Macdonald. Minute Entry 12/5/2016 (Doc. 20). The matter is ripe for review. The Magistrate Judge recommends that the District Court grant the Government's motion to dismiss (Doc. 12).

. . .

. . .

## I. FACTUAL BACKGROUND

Plaintiff Wynona Mixon is one of several named defendants in *Goins v. Apker, et al.*, USDC Case No. CV-13-00295-TUC-JGZ. Compl. (Doc. 1) at ¶ 2. The *Goins* matter arose out of a series of events that occurred at BOP's Tucson Federal Penitentiary ("USP–Tucson") in August 2011. *Id.*

Ms. Mixon was employed as a case manager at USP–Tucson during the period of July 8, 2011 through August 12, 2011. Compl. (Doc. 1) at ¶ 8. Inmate Christopher Goins arrived at the facility on July 8, 2011. *Id.* Ms. Mixon was assigned as his case manager and interacted with him a few times during this time. *Id.* In 2013, Goins commenced a civil suit against Ms. Mixon and several other BOP employees claiming civil damages for their actions within the scope of their employment during his incarceration. *Id.* at ¶ 9. "Goins accuses Ms. Mixon of 'rape[] and sexual[] assault' and the other five defendants of failing to prevent Ms. Mixon's abuse of Goins." Def.'s Mot. to Dismiss Compl. (Doc. 12) at 2 n.2. Upon receipt of the civil claim in 2014, Ms. Mixon tendered the defense to BOP. Compl. (Doc. 1) at ¶ 10. BOP declined to accept defense. *Id.* BOP is, however, defending the other five defendants in the *Goins* matter. Def.'s Mot. to Dismiss Compl. (Doc. 12) at 2. Ms. Mixon again sought representation after her February 9, 2016 acquittal of all criminal charges related to the Goins incident. Compl (Doc. 1) at ¶ 10. BOP again denied her request. *Id.*

Plaintiff brought the instant case seeking declaratory judgment to determine whether Ms. Mixon is entitled to have legal representation paid for by BOP in the *Goins* case pursuant to 28 C.F.R. 50.15. Compl. (Doc. 1) at ¶ 6. Plaintiff relies on Section 703

- 2 -

of the Administrative Procedure Act ("APA") for review of BOP's refusal to provide and/or pay for representation. *Id.* at ¶ 7. Plaintiff further alleges a violation of her procedural Due Process rights. *Id.* at ¶ 12.

## II. STANDARD OF REVIEW

A complaint is to contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Rule 8(a), Fed. R. Civ. P. While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998) ("conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss.").

Dismissal is appropriate where a plaintiff has failed to "state a claim upon which relief can be granted." Rule 12(b)(6), Fed. R. Civ. P. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). Further, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

unlawfully." *Id.* (citations omitted).

"When ruling on a motion to dismiss, [the Court must] accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Association for Los Angeles Deputy Sheriffs v. County of Los Angeles*, 648 F.3d 986, 991 (9th Cir. 2011) (quoting *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005)). "The court draws all reasonable inferences in favor of the plaintiff." *Id.* (citing *Newcal Industries, Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008)). This Court is not required, however, to accept conclusory statements as a factual basis. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007); *Mann v. City of Tucson*, 782 F.2d 790, 793 (9th Cir. 1986) ("Although we must, in general, accept the facts alleged in the complaint as true, wholly vague and conclusory allegations are not sufficient to withstand a motion to dismiss.").

### III. ANALYSIS

The Government seeks dismissal of Plaintiff's Complaint "[b]ecause Plaintiff has no property interest in representation by the Department of Justice, and because representation denials are unreviewable matters committed to agency discretion[.]" Def.'s Mot. to Dismiss Compl. (Doc. 12) at 2. As such, the Government urges that Plaintiff has failed to state a claim upon which relief can be granted. *Id.*

#### *A. Due Process*

As an initial matter, the Government asserts that "Plaintiff has no property interest

- 4 -

in individual-capacity federal representation[,]" and therefore may not seek injunctive relief to reverse its discretionary decision to deny her request. Def.'s MTD (Doc. 12) at 3.

The Supreme Court of the United States has recognized that "[p]rocess is not an end in itself[,] [i]ts constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement." *Olim v. Wakinekona*, 461 U.S. 238, 250, 103 S. Ct. 1741, 1748, 74 L.Ed.2d 813 (1983) (citations omitted). Thus, "[t]he State [or an agency] may choose to require procedures for reasons other than protection against deprivation of substantive rights, . . . but in making that choice the State does not create an independent substantive right." *Id.* (citations omitted); *see also Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 771, 125 S. Ct. 2796, 2812, 162 L.Ed.2d 658 (2005) ("Property cannot be defined by the procedures provided for its deprivation." (Souter, J., concurring)).

"[T]he conduct of litigation in which the United States, an agency, or officer thereof is a party, or is interested . . . is reserved to officers of the Department of Justice[.]" 28 U.S.C. § 516. Section 517, 28 U.S.C., provides for representation of federal employees by DOJ. Section 50.15, 28 C.F.R., gives guidance to DOJ as to whether representation may be provided to an employee. Section 50.15 states, in relevant part, that "[u]nder the procedures set forth below, a federal employee . . . **may** be provided representation in civil, criminal and Congressional proceedings in which he is sued, subpoenaed, or charged in his individual capacity . . . when the actions for which representation is requested reasonably appear to have been performed with in the scope

- 5 -

of the employee's employment and the Attorney General or his designee determines that providing representation would otherwise ***be in the interest of the United States***." 28 C.F.R. § 50.15(a) (emphasis added). The language of § 50.15 is permissive. Moreover, "[f]ederal employees are . . . provided with legal counsel in order to protect the *interests of the Government*, not the individual interests of the employee." *Ryan v. United States*, 227 Ct. Cl. 711, 713–14 (1981) (emphasis in original). As the *Ryan* court observed, "[t]he Justice Department clearly has no obligation to a particular employee[.]" *Id.* at 714.

Here, Plaintiff cannot establish a property interest. "[A] benefit is not a protected entitlement if government officials may grant or deny it in their discretion." *Town of Castle Rock, Colo.*, 545 U.S. at 756, 125 S. Ct. at 2803. The decision to provide representation is at the discretion of the Department of Justice. *See Ryan*, 227 Ct. Cl. at 714. Indeed, Plaintiff acknowledges that the rule is permissive. Def.'s Response (Doc. 13) at 3. Moreover, the presence of a procedure for providing individuals legal representation, does not create a property interest or entitlement to such representation. *See Olim*, 461 U.S. at 250, 103 S. Ct. at 1748. Because the entitlement that Plaintiff seeks is granted or denied solely at the Department of Justice's discretion, Plaintiff does not possess a property interest for purposes of due process.[1]

---

[1] Plaintiff asserts that because the Government has elected to defend her co-defendants, its decision equates to a decision to defend the entire case. *See* Def.'s Response (Doc. 13) at 3. This argument is without merit. The plain language of 28 C.F.R. § 50.15 suggests this is an individualized, not legal case by legal case, decision. *See, e.g.,* 28 C.F.R. § 50.15(b)(2) ("Representation is not available to a federal **employee** whenever . . . [i]t is otherwise determined by the Department that it is not in the interest of the United States to provide representation to the **employee**." (emphasis added)).

### B. *Judicial Review*

The Government asserts that the Administrative Procedures Act ("APA") does not apply to Plaintiff's claim, and dismissal is proper. Def.'s Mot. to Dismiss Compl. (Doc. 12) at 5–6. Plaintiff argues that because the Department of Justice agreed to represent five (5) of the defendants in the underlying matter, it must also provide representation for her. *See* Response (Doc. 13) at 3–4.

The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. The APA does not apply, however, (1) when "statutes preclude judicial review;" or (2) "agency action [that] is committed to agency discretion by law." 5 U.S.C. § 701(a)(1)–(2). The Ninth Circuit Court of Appeals has described these two circumstances as follows:

> The first of these circumstances is that in which a court would have no meaningful standard against which to judge the agency's exercise of discretion and there thus is no law to apply. . . . The second such circumstance is that in which the agency's action requires a complicated balancing of a number of factors which are peculiarly within [the agency's] expertise, including the prioritization of agency resources, likelihood of success in fulfilling the agency's statutory mandate, and compatibility with the agency's overall policies.

*Center for Policy Analysis on Trade and Health v. Office of the United States Trade*, 540 F.3d 940, 944 (9th Cir. 2008) (quotations and citations omitted) (brackets in original). "[R]eview is not to be had in those rare circumstances where the relevant statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion." *Lincoln v. Vigil*, 508 U.S. 182, 191, 113 S. Ct. 2024, 2030–31,

124 L.Ed.2d 101 (1993) (internal quotations and citations omitted). "A determination of whether agency action is subject to judicial review under § 701 of the APA is a jurisdictional issue." *Turner v. Schultz*, 187 F.Supp.2d 1288, 1291 (D. Colo. 2002) (citations omitted). As such, "before any review at all may be had, a party must first clear the hurdle of § 701(a)." *Heckler v. Chaney*, 470 U.S. 821, 828, 105 S. Ct. 1649, 1654, 84 L.Ed.2d 714 (1985).

The Department of Justice may decline representation if "[i]t is otherwise determined by the Department that it is not in the interest of the United States to provide representation to the employee." 28 C.F.R. § 50.15(b)(2). Moreover, "the Attorney General has long possessed the power to decide whether to provide counsel for a federal employee." *Falkowski v. Equal Employment Opportunity Comm'n* (*Falkowski II*), 783 F.2d 252, 254 (D.C. Cir. 1986). "Congress gave DoJ broad discretionary authority to provide federal employees with private counsel." *Falkowski v. Equal Employment Opportunity Comm'n* (*Falkowski I*), 764 F.2d 907, 911 (D.C. Cir. 1985). The Department of Justice "is far better equipped than the courts to deal with the many variables involved in the proper ordering of its priorities." *Chaney*, 470 U.S. at 831–32, 105 S. Ct. at 1656. Similar to the decision in *Chaney* not to enforce the statute, such ordering applies with equal force to the decision to provide a federal employee with private counsel. *See Falkowski I*, 764 F.2d at 911.

Here, Plaintiff cannot "clear the hurdle of § 701(a)." *Chaney*, 470 U.S. at 828, 105 S. Ct. at 1654. Because DOJ's decision regarding representation is wholly within its discretion, there can be no judicial review under the APA. *See Payne v. Elie*, 2012 WL

- 8 -

748285, *1 (D. Ariz. 2012). Plaintiff's argument that review can be had pursuant to 5 U.S.C. § 706(2)(A) of the APA fails to recognize that § 701(a) is a gateway through which she cannot pass.

Furthermore, Plaintiff's comparison to *Hall v. Clinton*, 285 F.3d 74 (D.C. Cir. 2002), is without merit. The *Clinton* court reiterated "that the DOJ's decision *not* to provide legal representation under section 517 was unreviewable." *Clinton*, 285 F.3d at 79 (citing *Falkowski I*, 764 F.2d at 911). Plaintiff, however, relies on the *Clinton* court's refusal "to extend *Heckler* to the DOJ's *affirmative* decision to represent [Appellee Clinton]." Plaintiff argues that DOJ's decision to represent the other five (5) defendants in the *Goins* matter represents an affirmative decision entitling her to judicial review. As discussed in Section III.A. n.1, *supra*, the plain language of the C.F.R. indicates that DOJ's decisions regarding providing counsel are individualized decisions. Plaintiff is not entitled to judicial review pursuant to the APA.

### C. *Equal Protection*

To the extent that Plaintiff asserts an equal protection claim in her response, such a claim must fail. The Fourteenth Amendment to the United States Constitution provides that no state shall "deny any person within its jurisdiction the equal protection of the laws." U.S. Const., Amend. XIV § 1. "The Equal Protection Clause . . . applies strict scrutiny if the aggrieved party is a member of a protected or suspect class, or otherwise suffers the unequal burdening of a fundamental right." *United States v. Juvenile Male*, 670 F.3d 999, 1010 (9th Cir. 2012).

Here, as discussed in Section III.A., *supra*, Plaintiff cannot establish the

- 9 -

entitlement to a fundamental right. Furthermore, she asserts that she was treated dissimilarly from her co-defendants in the *Goins* matter, but fails to present any evidence as to her protected class. As such, Plaintiff's equal protection claim should be denied.

### D.     Leave to Amend

The Government seeks dismissal of Plaintiff's Complaint without leave to amend. Def.'s Mot. to Dismiss (Doc. 12). "Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002) (citations omitted). Here, the Court finds that there is no set of facts that could cure the deficiencies found in Plaintiff's Complaint, and dismissal should be without leave to amend.

## IV.    CONCLUSION

Based upon the foregoing, the Court finds that Plaintiff has failed to demonstrate a constitutional property interest entitling her to due process protection. Furthermore, in light of DOJ's discretion regarding the refusal to provide legal representation for a federal employee, Plaintiff cannot "clear the hurdle of § 701(a)" and is not entitled to judicial review under the APA. *Chaney*, 470 U.S. at 828, 105 S. Ct. at 1654. Finally, Plaintiff has failed to present a cognizable equal protection claim.

## V.     RECOMMENDATION

For the reasons delineated above, the Magistrate Judge recommends that the

District Judge enter an order GRANTING the Government's Government's Motion to Dismiss Complaint (Doc. 12) without leave to amend.

Pursuant to 28 U.S.C. §636(b) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation.  A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2).  If objections are not timely filed, they may be deemed waived.  If objections are filed, the parties should use the following case number: **CV-16-0260-TUC-DCB**.

Dated this 27th day of January, 2017.

*[signature]*
Honorable Bruce G. Macdonald
United States Magistrate Judge