# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wynona Mixon, | No. CV-16-00260-TUC-DCB (BGM) |
| Plaintiff, | **ORDER** |
| v. | |
| United States Bureau of Prisons, | |
| Defendant. | |

This matter was referred to Magistrate Judge Bruce G. Macdonald on June 6, 2016. Pursuant to the Rules of Practice for the United States District Court, District of Arizona (Local Rules), Rule (Civil) 72.1(a), Magistrate Judge Macdonald issued a Report and Recommendation (R&R) on January 27, 2017. (R&R (Doc. 21))**.** He recommends granting the Defendant's Motion to Dismiss.

## STANDARD OF REVIEW

The duties of the district court, when reviewing an R&R of a Magistrate Judge, are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b), 28 U.S.C. § 636(b)(1). When the parties object to an R&R, "'[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R&R] to which objection is made.'" *Thomas v. Arn,* 474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C. § 636(b)(1)). When no objections are filed, the district court does not need to review the R&R *de novo*.

*Wang v. Masaitis,* 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir.2003) (*en banc*).

The parties were sent copies of the R&R and instructed they had 14 days to file written objections. 28 U.S.C. § 636(b), *see also,* Federal Rule of Criminal Procedure 72 (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). The Plaintiff has not filed an objection.

### REPORT AND RECOMMENDATION

The Honorable Bruce G. Macdonald considered whether Plaintiff states a due process claim and whether she may seek a declaratory judgment that she is entitled to have her legal representation in CV 13-295 TUC JGZ paid for by the Bureau of Prison (BOP), pursuant to 28 U.S.C. §§ 516-517, 28 C.F.R. § 50.15.  The Magistrate Judge agreed with the Government that the Plaintiff has no due process right to be provided individual-capacity representation because Section 50.15 is permissive.  (R&R (Doc. 21) at 5-6.)  Therefore, the Plaintiff may not seek injunctive relief to reverse the Government's discretionary decision to deny her request for representation in the civil damage suit brought against her and other BOP employees by a prisoner arising out of events, including an alleged rape and sexual assault, that transpired at BOP's Tucson Federal Penitentiary.  The BOP declined to accept her defense, but is defending the other BOP employees.  The Magistrate Judge agreed with the Government that her claims brought under the Administrative Procedures Act (APA) must be dismissed because the APA does not apply when "'agency action is committed to agency discretion by law.'"  (R&R (Doc. 21) at 7-9 (quoting 5 U.S.C. § 701(a)(2)).  And, the Magistrate Judge rejected Plaintiff's equal protection claim because she fails to assert any facts suggesting she is a member of "'a protected or suspect class or otherwise suffers the unequal burdening of a fundamental right.'" *Id.* at 9.

The Magistrate Judge recommends dismissal without leave to amend.  He found, and the Court agrees, that there is no set of facts that could cure the deficiencies found in

1 the Plaintiff's Complaint.   The Court notes that the Plaintiff has failed to assert otherwise
2 by objection to the R&R.

3       There being no Objection, review has been waived, but the Court nevertheless
4 reviews at a minimum, *de novo*, the Magistrate Judge's conclusions of law.  *Robbins v.*
5 *Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) (citing *Turner v. Duncan*, 158 F.3d 449, 455
6 (9th Cir. 1998) (conclusions of law by a magistrate judge reviewed *de novo*); *Martinez v.*
7 *Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991) (failure to object standing alone will not
8 ordinarily waive question of law, but is a factor in considering the propriety of finding
9 waiver)).  The Court finds the R&R to be thorough and well-reasoned, without any clear
10 error in law or fact.  *See United States v. Remsing*, 874 F.2d 614, 617-618 (9th Cir. 1989)
11 (*United States v. Remsing*, 874 F.2d 614, 617-618 (9th Cir. 1989) (citing 28 U.S.C. §
12 636(b)(1)(A) as providing for the district court to reconsider matters delegated to
13 magistrate judge when there is clear error or recommendation is contrary to law).  The
14 Court accepts and adopts the R&R as the opinion of the Court, pursuant to 28 U.S.C. §
15 636(b)(1). For the reasons stated in the R&R, the Court grants the Defendant's Motion to
16 Dismiss.

17     **Accordingly,**

18     **IT IS ORDERED** that the Report and Recommendation (Doc. 21) is adopted as
19 the opinion of the Court.

20     **IT IS FURTHER ORDERED** that the Motion to Dismiss (Doc. 12) is
21 GRANTED.

22     **IT IS FURTHER ORDERED** that the Clerk of the Court shall enter
23 Judgment accordingly.

24     Dated this 21st day of February, 2017.

Honorable David C. Bury
United States District Judge